U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
NOV 20 2006
ROBERT H. SHEMWELL, CLERK
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOE BALDWIN | CIVIL ACTION NO. 06-1485 |
| VS. | SECTION P |
| RUSSELL BUTLER, WARDEN, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. §2241 by *pro se* petitioner Joe Baldwin on August 28, 2006. Baldwin is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Concordia Parish Correctional Facility, I (CPCF-I), Ferriday, Louisiana where he is serving sentences imposed in 1983 and 1993. He contends that Louisiana's "Good Time" law is unconstitutional as applied and he prays for his immediate release from custody and the dismissal of any future parole supervision.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** since petitioner failed to exhaust available state court remedies.

## *Statement of the Case*

In March 1983 petitioner was convicted of unspecified felonies and sentenced to serve consecutive sentences of 7 and 5 years in cases docketed in Thirty-Fifth Judicial District Court, Grant Parish under Docket Numbers 43125 and 43126. At the same time he was sentenced to serve 12 years following his conviction in the Twenty-Eighth Judicial District Court, LaSalle Parish under that court's Docket Number 28847. The LaSalle Parish sentence was ordered to run concurrently with the Grant Parish sentences. [doc. 1-1, paragraph 1]

On April 10, 1990 petitioner was released pursuant to the provisions of Louisiana's Good Time Law, La. R.S.15:571.3 *et seq.*[1] [*id.*, paragraph 2]

On December 27, 1991, petitioner was arrested by the Grant Parish Sheriff's Office on new charges and on a parole violation warrant. Petitioner was apparently convicted of the new charge

---

[1] See La. R.S.15:571.3 which provides in relevant part, "(B) Every inmate in the custody of the department who has been convicted of a felony ... and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time'." See also La. R.S.15:571.5 which provides, "(A)(1) When a prisoner ... is released because of diminution of sentence ... he shall be released as if released on parole ... (B)(2) The person released because of diminution of sentence ... shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released ... pursuant to his Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked. (C) If such person's parole is revoked ... for the violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original term."

under Docket Number 92040 and sentenced to serve a 4 year sentence consecutive to his previous sentences. His good time parole was also revoked. [*id.*, paragraph 3]

Sometime in 1995 petitioner was again deemed eligible for good time parole and he was released accordingly. For unspecified reasons his good time parole was revoked again in November, 1999. [*id.*, paragraphs 5-6]

In the summer of 2005 petitioner was again released on good time parole. On some unspecified date this parole was also revoked and petitioner is now serving his sentence at the CPCF-I and is being forced to participate in a Substance Abuse Program at the facility. [*id.*, paragraphs 7-8]

### *Claims for Relief*

Petitioner claims that while he was on good time parole, the LDOC retained "legal" but not "physical" custody over him, and therefore, since he was sentenced to a total of 16 years in custody, he should have been released from custody and supervision on his full term release date sometime in 1997. [*id.*, paragraphs 9-10]

He claims that the Executive Branch of Louisiana's government intruded into the Judicial Branch by extending petitioner's "full term" date which had been imposed by the Judiciary and that this action violated the Separation of Powers mandated by both the United States and Louisiana Constitutions.

He claims that his release on good time parole and his subsequent parole revocation resulted in him being "...subjected to a longer term of sentence and custody that was not intended by the Judicial Branch of Government..." which had imposed a determinate sentence of 16 years. [*id.*, paragraphs 11-12]

He claims that the LDOC and the Parole Board have deprived petitioner of liberty "... by a new punitive measure to a crime already consummated to the detriment or material disadvantage of the petitioner and that is has the effect of making the standard of punishment more onerous." [*id.*, paragraph 13]

He claims that he was deprived of liberty "...by forfeiting credit on service of his sentence for time spent on the streets under Parole Supervision in violation of his Due Process Rights." [*id.*, paragraphs 14-15]

He claims that his imprisonment violates La. R.S.15:574.6 which provides, "When the parolee has completed his full parole term, he shall be discharged from parole ..." He claims that he completed his parole term "while he was on the streets from 1995 until 2000, and therefore could not be made to serve the illegal violation of his parole a second time." [*id.*, paragraph 16-18]

Petitioner requests appointment of counsel [doc. 1-1, p. 7], his immediate release from custody and the dismissal of any future parole supervision. [doc. 1-1, p. 8]

## *Law and Analysis*

Petitioner does not challenge his convictions in Louisiana's Twenty-Eighth and Thirty-Fifth Judicial District Courts. Nor does he challenge the sentences imposed by those courts. Instead, he challenges the constitutionality of Louisiana's "good time" statutes insofar as those statutes mandate release on parole and the supervision of inmates such as the petitioner who are released from the physical custody of the Department because of the diminution of their sentence for good behavior. He also challenges the LDOC's failure to credit "street time" or time spent on parole against the full term of his sentences.

Since, if successful, petitioner would be freed from both the physical and legal custody of the LDOC his *pro se* pleading has been properly characterized as a petition for writ of *habeas corpus* arising under either 28 U.S.C. §2241 or §2254.[2]

---

[2] There is some confusion concerning which *habeas* statute is the appropriate vehicle for review of such claims. For example, "[a]n application for a writ of *habeas corpus* under § 2254 is the proper method for a prisoner's challenge to the calculation of his time credits." Whitehead v. Johnson, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing Clarke v. Stalder, 154 F.3d 186, 193-94 (5th Cir.1998) (*en banc*)). See also Carmona v. Andrews, 357 F.3d 535 (5th Circuit 2004). But see Preiser v. Rodriquez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.) See also Ojo v. INS, 106 F.3d 680, 683 (5th Cir.1997) (holding that section § 2241 is the proper vehicle to attack the manner in which a sentence is being executed). See also, Wilkinson v. Dotson, — U.S. —, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Finally, see also Edge v. Stalder, 240 F.3d 1074 (unpublished), 2000 WL 1835320 (5th Cir. 2000)(The district court characterized petitioner's claims as arising under §2254. The Fifth Circuit agreed with the district court's characterization of the petition as a *habeas* claim since its challenge to the constitutionality of La. R.S.15:571.5, if successful would result in petitioner's release. Nevertheless, the Fifth Circuit remanded the matter to the District Court for a determination of jurisdiction under §2241(d).)

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether his claims are presented under either 28 U.S.C. § 2241 or § 2254. <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see <u>Serio v. Members of Louisiana Board of Pardons</u>, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir.1988). Louisiana's highest court is the Louisiana Supreme Court.

A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. <u>Rose</u>, 455 U.S. at 523, 102 S.Ct. at 1205.

Since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion. As stated above, in order to have exhausted available state court remedies, petitioner must have litigated his federal constitutional claims

---

Nevertheless, as is shown hereinafter, the distinction is of no moment.

in the Louisiana courts, and, he must have ultimately presented those claims to Louisiana's highest court, the Supreme Court.

A federal district court may notice *sua sponte* the lack of exhaustion. Shute v. State, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See Rose v. Lundy, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner's pleadings are silent with respect to the issue of the exhaustion of available state court remedies. Nonetheless, a search of the presumptively reliable published jurisprudence of the State of Louisiana establishes that petitioner has not litigated <u>any</u> claims in the Louisiana Supreme Court.[3]

Petitioner's current claim concerns the constitutionality of Louisiana's "good time" law and the manner in which that law is

---

[3] See Westlaw® at https://web2.westlaw.com/welcome/Louisiana/default.wl?fn=_top&utid=%7b09846306-2B8B-4E3F-B643-7E7D53236226%7d&rs=WLW6.11&mt=Louisiana&vr=2.0&sv=Split. There are no reported cases involving the petitioner. Had petitioner litigated his constitutional claims before the Louisiana Supreme Court, the results of that litigation would have been published.

applied by the Louisiana Department of Public Safety and Corrections. Federalism and comity demand that petitioner raise these claims in the Louisiana courts before raising them here.

Since it is clear that petitioner has not fully exhausted his present claims for relief, and, since he has not alleged the absence of any available corrective process, his petition should be dismissed.

Therefore

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

In light of the foregoing, it is also **ORDERED** that petitioner's request for appointment of counsel be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 17th day of November, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE